AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
4/29/2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  vyc  DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Blue Motorola Cell Phone )
Seized as FP&F No. 2021250300057901, Item 0005 )
("Target Device #2") )

Case No. 21MJ8351

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2, incorporated herein by reference.

located in the __Southern__ District of __California__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 952, 960 and 963 | Importation of a Controlled Substance; Conspiracy to Import a Controlled Substance |

The application is based on these facts:
See Attached Affidavit of Homeland Security Investigations Special Agent Kiersten Deutsch incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Kiersten Deutsch*
Applicant's signature

Special Agent Kiersten Deutsch, HSI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: __4/29/21__

*Ruth Bermudez Montenegro*
Judge's signature

City and state: El Centro, California    Hon. Ruth Bermudez Montenegro, U.S. Mag. Judge
Printed name and title

# ATTACHMENT A-1

## PROPERTY TO BE SEARCHED

The following property is to be searched:

    White Samsung Cell Phone

    Seized as FP&F No. 2021250300057901, Item 0004

    ("Target Device #1")

Target Device #1 is currently in the possession of Homeland Security Investigations-ASAC Calexico located at 2051 N. Waterman Avenue, Suite 100, El Centro, California 92243.

## ATTACHMENT A-2

PROPERTY TO BE SEARCHED

The following property is to be searched:

    Blue Motorola Cell Phone

    Seized as FP&F No. 2021250300057901, Item 0005

    ("Target Device #2")

Target Device #2 is currently in the possession of Homeland Security Investigations-ASAC Calexico located at 2051 N. Waterman Avenue, Suite 100, El Centro, California 92243.

## ATTACHMENT A-3

PROPERTY TO BE SEARCHED

The following property is to be searched:

> Black ZTE Cell Phone
>
> Seized as FP&F No. 2021250300057901, Item 0006
>
> ("Target Device #3")

Target Device #3 is currently in the possession of Homeland Security Investigations-ASAC Calexico located at 2051 N. Waterman Avenue, Suite 100, El Centro, California 92243.

## ATTACHMENT B

### ITEMS TO BE SEIZED

Authorization to search the cellular telephones described in Attachments A-1, A-2, and A-3 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephones for evidence described below. The seizure and search of the cellular telephones shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephones will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of February 2, 2021 up to and including March 5, 2020:

a. tending to indicate efforts to import controlled substances from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of controlled substances from Mexico into the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the Target Devices; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which are evidence of violations of Title 21, United States Code, Sections 952, 960 and 963.

# AFFIDAVIT

I, Special Agent Kiersten Deutsch, being duly sworn, hereby state as follows:

## INTRODUCTION

1. I submit this affidavit in support of an application for a warrant to search the following electronic devices:

> White Samsung Cell Phone
> Seized as FP&F No. 2021250300057901, Item 0004
> ("Target Device #1")

> Blue Motorola Cell Phone
> Seized as FP&F No. 2021250300057901, Item 0005
> ("Target Device #2")

> Black ZTE Cell Phone
> Seized as FP&F No. 2021250300057901, Item 0006
> ("Target Device #3") (collectively "Target Devices")

as further described in Attachments A-1, A-2, and A-3, and to seize evidence of crimes, specifically violations of Title 21, United States Code, Sections 952, 960, and 963 as further described in Attachment B. The requested warrant relates to the investigation and prosecution of Lilian VALLE ("VALLE" or "Defendant") in *United States v. Valle*, 21-MJ-8160-RBM for importing approximately 8.02 kilograms (17.68 pounds) of methamphetamine from Mexico into the United States. The Target Devices are currently in the custody of Homeland Security Investigations-ASAC Calexico located at 2051 N. Waterman Avenue, Suite 100, El Centro, California 92243.

2. The information contained in this affidavit is based upon my training, experience, investigation, and consultation with other members of law enforcement.

Because this affidavit is made for the limited purpose of obtaining a search warrant for the Target Devices, it does not contain all the information known by me or other agents regarding this investigation. All dates and times described are approximate.

## BACKGROUND

3. I have been employed as a Special Agent ("SA") with Homeland Security Investigations (HSI) since May 2019. I am currently assigned to the HSI Office of the Assistant Special Agent in Charge, in El Centro, California.

4. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia, successfully completing the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training program. Prior to being employed by HSI, I received my Master's degree in Law Enforcement and Justice Administration from Western Illinois University and my Bachelor's degree in Justice Studies and Criminal Justice from James Madison University.

5. During my tenure with HSI, I have participated in the investigation of various narcotics trafficking organizations involved in the importation and distribution of controlled substances into and through the Southern District of California. Through my training, experience, and conversations with other law enforcement officers experienced in narcotics trafficking investigations, I have gained a working knowledge of the operational habits of narcotics traffickers, in particular those who attempt to import narcotics into the United States from Mexico at Ports of Entry.

6. I am aware that it is common practice for narcotics traffickers to work in concert utilizing cellular telephones. A common tactic utilized by narcotics traffickers is to smuggle controlled substances into the United States from Mexico by concealing the controlled substances in vehicles and on persons that enter the United States at Ports of Entry such as the Calexico Ports of Entry. With respect to the importation of narcotics in this manner, I am aware that narcotics traffickers in Mexico frequently communicate with the individual ("the driver") responsible for driving the vehicle containing the concealed narcotics into the United States or crossing the narcotics concealed on their person into the

United States. These communications can occur before, during and after the narcotics are imported into the United States. For example, prior to the importation, narcotics traffickers frequently communicate with the driver or the pedestrian regarding arrangements and preparation for the narcotics importation. When the importation is underway, narcotics traffickers frequently communicate with the driver or the pedestrian to remotely monitor the progress of the narcotics, provide instructions to the driver or the pedestrian and warn accomplices about law enforcement activity. When the narcotics have been imported into the United States, narcotics traffickers may communicate with the driver or the pedestrian to provide further instructions regarding the transportation of the narcotics to a destination within the United States.

7. Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I am aware that cellular telephones (including their SIM card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones of individuals involved in the importation of narcotics may yield evidence:

    a. tending to indicate efforts to import controlled substances from Mexico into the United States;

    b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of controlled substances from Mexico into the United States;

    c. tending to identify co-conspirators, criminal associates, or others involved in importation of controlled substances from Mexico into the United States;

  d. tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

  e. tending to identify the user of, or persons with control over or access to, the Target Devices; and/or

  f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

8. On March 4, 2021, at approximately 4:48 AM, Lilian VALLE, a United States Citizen, applied for entry into the United States from Mexico through the Calexico West Port of Entry vehicle lane #7. VALLE was the driver and sole occupant of a 2003 Chevrolet Tahoe (the "vehicle") bearing California license plates.

9. In primary inspection, a Customs and Border Protection Officer ("CBPO") received a negative Customs declaration from VALLE. VALLE stated she was going home to Calexico, California. The CBPO asked VALLE's purpose of being in Mexico and VALLE stated she was visiting her grandmother. The CBPO conducted system queries which revealed an alert on both the vehicle and VALLE; therefore, VALLE was referred to vehicle secondary for further inspection.

10. In secondary inspection, a CBPO operating the Z-Portal X-Ray machine detected anomalies in the rear cargo area of the vehicle. A Canine Enforcement Team was conducting secondary inspection operations when the Human and Narcotic Detection Dog alerted to the rear door of the vehicle. A CBPO conducting secondary inspection operations received an oral Customs declaration of fish from VALLE. VALLE stated to the CBPO she was bringing fish to Calexico, California.

11. Further inspection resulted in the discovery of 5 packages concealed in two ice chests located in the trunk of the vehicle, with a total approximate weight of 8.02 kilograms (17.68 pounds). A sample of the substance contained within the packages field tested positive for the characteristics of methamphetamine.

12. VALLE was placed under arrest and charged with a violation of Title 21, United States Code, Sections 952 and 960, for importation of a controlled substance and issued a notice to appear dated April 6, 2021.

13. The Target Devices were found inside the vehicle with Defendant's personal property and seized at the time of arrest. Defendant was the driver and sole occupant of the vehicle and had dominion and control over the items in the vehicle.

14. Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that telephone numbers, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the Target Devices. In light of the above facts and my experience and training, there is probable cause to believe that Defendant was using the Target Devices to communicate with others to further the importation of illicit narcotics into the United States. Further, in my training and experience, narcotics traffickers may be involved in the planning and coordination of a drug smuggling event in the days and weeks prior to an event. Co-conspirators are also often unaware of a defendant's arrest and will continue to attempt to communicate with a defendant after their arrest to determine the whereabouts of the narcotics. Based on my training and experience, it is also not unusual for individuals, such as Defendant, to attempt to minimize the amount of time they were involved in their smuggling activities, and for the individuals to be involved for weeks and months longer than they claim. Accordingly, I request permission to search the Target Devices for data beginning on February 2, 2021, up to and including March 5, 2021, the day after VALLE's arrest.

## METHODOLOGY

15. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the devices. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as

personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their devices over the internet and remotely destroy all of the data contained on the devices. For that reason, the devices may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the devices or in memory cards inserted into the devices. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the devices may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the devices manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

16. Following the issuance of this warrant, I will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

17. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

18. Law enforcement has not previously attempted to obtain the evidence sought by this warrant.

# CONCLUSION

19. Based on the facts and information set forth above, I submit there is probable cause to believe that a search of the Target Devices will yield evidence of Defendant's violations of Title 21, United States Code, Sections 952, 960 and 963. Accordingly, I request that the Court issue a warrant authorizing law enforcement to search the items described in Attachments A-1, A-2, and A-3 and seize the items listed in Attachment B using the above-described methodology.

I swear the foregoing is true and correct to the best of my knowledge and belief.

*Kiersten Deutsch*
Special Agent Kiersten Deutsch
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this __29__ day of April, 2021.

*Ruth Bermudez Montenegro*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A-1**

PROPERTY TO BE SEARCHED

The following property is to be searched:

>White Samsung Cell Phone
>
>Seized as FP&F No. 2021250300057901, Item 0004
>
>("Target Device #1")

Target Device #1 is currently in the possession of Homeland Security Investigations-ASAC Calexico located at 2051 N. Waterman Avenue, Suite 100, El Centro, California 92243.

## ATTACHMENT A-2

PROPERTY TO BE SEARCHED

The following property is to be searched:

    Blue Motorola Cell Phone

    Seized as FP&F No. 2021250300057901, Item 0005

    ("Target Device #2")

Target Device #2 is currently in the possession of Homeland Security Investigations-ASAC Calexico located at 2051 N. Waterman Avenue, Suite 100, El Centro, California 92243.

## ATTACHMENT A-3

PROPERTY TO BE SEARCHED

The following property is to be searched:

    Black ZTE Cell Phone

    Seized as FP&F No. 2021250300057901, Item 0006

    ("Target Device #3")

Target Device #3 is currently in the possession of Homeland Security Investigations-ASAC Calexico located at 2051 N. Waterman Avenue, Suite 100, El Centro, California 92243.

## ATTACHMENT B

### ITEMS TO BE SEIZED

Authorization to search the cellular telephones described in Attachments A-1, A-2, and A-3 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephones for evidence described below. The seizure and search of the cellular telephones shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephones will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of February 2, 2021 up to and including March 5, 2020:

- a. tending to indicate efforts to import controlled substances from Mexico into the United States;

- b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of controlled substances from Mexico into the United States;

- c. tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

- d. tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

- e. tending to identify the user of, or persons with control over or access to, the Target Devices; and/or

- f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which are evidence of violations of Title 21, United States Code, Sections 952, 960 and 963.